UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

CARLY DEVINE,

                Plaintiff

v.

STAPLES, INC.,

                Defendant

## COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Carly Devine ("Plaintiff"), is a natural person with a residential address of 21 Watt Avenue, Ludlow, Hampden County, Massachusetts.

2. The Defendant, Staples, Inc., ("Defendant Staples"), is a corporation that operates a business located at 591 Memorial Drive, Chicopee, Hampden County, Massachusetts.

### Jurisdiction

3. This Court has jurisdiction over the claims set forth herein, pursuant to 28 U.S.C. §§ 1331 and 1332 and otherwise. There are federal questions of law and the amount in controversy is in excess of $75,000.00. The Plaintiff's claims are brought under Title VII of the Civil Rights Act of 1964, as amended.

## Facts

4. The Plaintiff began her employment with the Defendant Staples in or about November of 2013. The Plaintiff was hired as a cashier at the Defendant Staple's Springfield, Massachusetts location.

5. The Plaintiff performed her job responsibilities well throughout the course of her employment with the Defendant Staples.

6. In or about December of 2013, the Plaintiff notified management of the Defendant Staples that she was pregnant.

7. Shortly thereafter, in or about January of 2014, the Plaintiff was transferred to the Defendant Staple's Chicopee, Massachusetts location.

8. The Plaintiff requested accommodations for her pregnancy from management of the Defendant Staples. Due to her pregnancy, the Plaintiff's physician informed the Plaintiff to avoid exposure to chemicals. Accordingly, the Plaintiff requested from management of the Defendant Staples, first to Assistant Manager, Peter (last name unknown) and later to General Manager, Lisa Bishop, that she not be required to clean cashier tables which entailed the use of Clorox bleach. However, management of the Defendant Staples denied the Plaintiff's requested accommodation and forced the Plaintiff to clean the cashier tables with Clorox Bleach because it was flu season. The Plaintiff then requested to be able to use gloves and a mask while cleaning the cashier tables for which she was also denied. Ms. Bishop informed the Plaintiff that she did not need gloves and/or a mask and could be exposed to chemicals during her pregnancy because, according to Ms. Bishop, she had used chemicals during her own pregnancy and her (Ms. Bishop's) children had turned out fine.

9. The Plaintiff also requested to have a chair at her register so that she could sit from time to time and to take breaks. The Defendant Staples denied the Plaintiff this request.

10. Shortly thereafter, in or about February of 2014, management of the Defendant Staples informed the Plaintiff that they were going to cut her hours down because she was pregnant.

11. Shortly after complaining about and resisting discrimination and asking for accommodations for her pregnancy, the Plaintiff was notified on or about February 17, 2013 that her employment was being terminated effective March 7, 2014 for no good reason.

12. The Plaintiff has satisfied the prerequisites to filing suit.

### Count I
### (Title VII of the Civil Rights Act of 1964, as Amended ("Title VII") – Sex/Gender (Pregnancy) Discrimination)

13. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

14. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the Plaintiff's pregnancy.

15. The Plaintiff was terminated from her employment based upon her reporting and resisting of said discrimination.

16. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

17. The Plaintiff was severely and adversely affected by the Defendant Staples' conduct and the failure of the Defendant Staples to take reasonable steps to ensure that this discriminatory conduct would not continue.

WHEREFORE, the Plaintiff, Carly Devine, respectfully requests judgment against the Defendant, Staples, Inc., and for all damages available pursuant to Title VII.

## Count II
### (Title VII – Sex/Gender (Pregnancy) Harassment)

18. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

19. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the Plaintiff's pregnancy.

20. The Plaintiff was terminated from her employment based upon her reporting and resisting of said harassment and the hostile work environment created by same.

21. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.  The Plaintiff suffered a hostile work environment.

22. The Plaintiff was severely and adversely affected by the Defendant Staples' conduct and the failure of the Defendant Staples to take reasonable steps to ensure that this harassing conduct would not continue.

WHEREFORE, the Plaintiff, Carly Devine, respectfully requests judgment against the Defendant, Staples, Inc., and for all damages available pursuant to Title VII.

## Count III
### (Title VII – Retaliation)

23. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

24. The Plaintiff was treated differently as to the terms and conditions of her employment based upon her reporting and resisting of discrimination and harassment and the hostile environment created by same.

25. The Plaintiff was retaliated against and was terminated from her employment based upon

her reporting and resisting of said discrimination and harassment.

26. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

27. The Plaintiff was severely and adversely affected by the Defendant Staples' conduct and the failure of the Defendant Staples to take reasonable steps to ensure that this discriminatory and harassing conduct and retaliation would not continue.

WHEREFORE, the Plaintiff, Carly Devine, respectfully requests judgment against the Defendant, Staples, Inc., and for all damages available pursuant to Title VII.

### Count IV
### (M.G.L. c. 151B - Sex/Gender (Pregnancy) Discrimination)

28. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

29. The discriminatory treatment of the Plaintiff, as described herein, violates the express provisions of M.G.L. c. 151B with regard to sex/gender (pregnancy).

30. There is direct and circumstantial evidence of sex/gender bias on the part of the Defendant Staples including, but not limited to, the incidents of discrimination set forth above.

31. The discriminatory treatment and the conditions imposed upon the Plaintiff and the adverse action taken against the Plaintiff related to sex and gender (pregnancy) adversely affected the terms and conditions of her employment.

32. The Plaintiff was severely and adversely affected by the conduct of the Defendant Staples and their failure to take reasonable steps to stop the discriminatory conduct.

WHEREFORE, the Plaintiff, Carly Devine, respectfully requests a judgment against the Defendant, Staples, Inc., and for all damages available pursuant to M.G.L. c. 151B.

## Count V
### (M.G.L. c. 151B – Sex/Gender (Pregnancy) Harassment)

33. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

34. The harassing treatment of the Plaintiff, as described herein, violates the express provisions of M.G.L. c. 151B with regard to sex/gender (pregnancy).

35. There is direct and circumstantial evidence of sex/gender bias on the part of the Defendant Staples including, but not limited to, the incidents of harassment set forth above.

36. The harassing environment and the conditions imposed upon the Plaintiff and the adverse action taken against the Plaintiff related to sex and gender (pregnancy) adversely affected the terms and conditions of her employment. The Plaintiff suffered a hostile work environment.

37. The Plaintiff suffered was severely and adversely affected by the conduct of the Defendant Staples and their failure to take reasonable steps to stop the harassment.

WHEREFORE, the Plaintiff, Carly Devine, respectfully requests a judgment against the Defendant, Staples, Inc., and for all damages available pursuant to M.G.L. c. 151B.

## Count VI
### (M.G.L. c. 151B – Retaliation)

38. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

39. The Plaintiff was treated differently as to the terms and conditions of her employment based upon her reporting and resisting of discrimination and harassment based upon her sex/gender (pregnancy).

40. The Plaintiff was retaliated against and terminated from her employment, at least in part, based upon her resisting and reporting of discrimination and harassment due to her sex/gender (pregnancy).

41. The Plaintiff was severely and adversely affected by the conduct of the Defendant Staples and the Defendant Staples' failure to take reasonable steps to ensure that the discriminatory and harassing conduct and retaliation would not continue.

WHEREFORE, the Plaintiff, Carly Devine, respectfully requests judgment against the Defendant, Staples, Inc., and for all damages available pursuant to M.G.L. c. 151B.

**THE PLAINTIFF DEMANDS A JURY TRIAL AGAINST THE DEFENDANT ON ALL COUNTS SO TRIABLE PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THE RULES OF CIVIL PROCEDURE OTHERWISE.**

Respectfully submitted,

The Plaintiff
CARLY DEVINE
By Her Attorney

/s/ Michael O. Shea                    Dated:  July 11, 2014
MICHAEL O. SHEA, ESQ.
BBO No. 555474
Law Office of Michael O. Shea, P.C.
3 Crane Park Drive, Suite 7
Wilbraham, MA 01095
Telephone: (413) 596-8005
Facsimile: (413) 596-8095
owenshea@aol.com